UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-392

MICHAEL WHITE,                                                                                    PLAINTIFF

v.                                         **OPINION & ORDER**

KENTUCKY WEST VIRGINIA
GAS COMPANY, LLC                                                                         DEFENDANT

* * * * * * * * *

This matter is before the Court on the parties' cross motions for summary judgment. (Rec. Nos. 21 and 27). For the following reasons, the Court DENIES both motions.

**I.   FACTS.**

Plaintiff, Michael White ("White"), owns certain real property located in Perry County, Kentucky (Rec. No. 1, Notice of Removal, Complaint, ¶ 1). He argues that Defendant, Kentucky West Virginia Gas Company, LLC ("Kentucky West"), agreed to perform certain actions on the property to remove a surface slip and has failed to do so. (Rec. No. 1, Notice of Removal, Complaint, ¶ ¶ 2-3). He seeks $350,000 in damages, the amount that he claims it will cost him to fix the slip. (Rec. No. 1, Notice of Removal, Complaint, ¶ ¶ 4-5).

The parties entered into the agreement at issue on July 4, 2003. (Rec. No. 21, Mem., Ex. 1). Kentucky West explains that, in order to replace a damaged pipeline, it had to obtain a right-of-way over White's property. (Rec. No. 21, Mem. at 1). As part of the consideration for the right-of-way, Kentucky West agreed to remove a surface slip which had occurred on White's property. The Agreement provides that Kentucky West:

>agrees to remove and stabilize the slip material, compact the removed material in the hollow where the slip occurred, construct a rock lined drainage ditch on the left side of the hollow at the site of the slip, hydro seed disturbed areas, and provide a gas tap on revised Pipeline W-1238. The gas tap will be used later by a domestic gas customer.
>
>Further, after removal of the referenced slip and described construction,[Kentucky West] shall have no continuing or additional responsibility for maintenance or remedial work of any type related to problems which may arise or attributed to the described slip after said slip is removed by [Kentucky West].

(Rec. No. 21, Mem., Ex. 1).

**II.    STANDARD.**

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show

that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must view the facts and draw all inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party must show conclusively that there is no genuine issue of material fact. *Id.* However, at the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter. *Wiley v. U.S.*, 20 F.3d 222, 226 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249). The Court is not to judge the evidence or make findings of fact. *60 Ivy Street Corp.,* 822 F.2d at 1435-36. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F.Supp.2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

3

**III. ANALYSIS.**

In its Motion for Summary Judgment (Rec. No. 21), Kentucky West asserts that it has completed its obligations under the agreement or that it must be given additional time to complete its obligations. (Rec. No. 21, Mem. at 1). Kentucky West asserts that the time between the execution of the agreement – July 4, 2003 and – the date this action was filed – July 22, 2004 – was one of the rainiest periods in southeast Kentucky. Kentucky West also asserts that, despite the weather, it has substantially completed or completed the required work. (Rec. No. 21, Mem. at 3). In support, Kentucky West cites to the deposition of Michael Pennington, the subcontractor who performed the work required under the Agreement, and to the expert report of Robert Martin, a licensed engineer who inspected the property. (Rec. No. 21, Mem. at 3, 6).

In response, White cites to the deposition of Gary Greer, a Kentucky West employee, who testified that, in his opinion, Kentucky West has not satisfied its obligations under the Agreement. (Rec. No. 22, Greer Dep. at 3, 7, 12, 26).[1]

White also cites to the report of Martin, Kentucky West's expert, noting that Martin states that "the site appeared to be stable and compacted as per normal practices for slide remediation *with exception for two (2) areas*." (Rec. No. 21, Mem., Ex. 3)(emphasis added). The two areas are the reconstruction and revegetation of a ditch and the regrading and revegetation of an eroded area. Martin states that "*[u]pon completion of the above-mentioned items*, it is P&A's opinion that the engineering and construction requirements of the contract. . . have been met." (Rec. No. 21, Mem., Ex. 3)(emphasis added).

---

[1] White also cites to the deposition and/or report of Von Campbell, a land surveyor. The Court has been unable to locate either the deposition or the report in the record and, accordingly, has not considered either for this motion.

Likewise, Pennington – the other witness relied on by Kentucky West in its motion – testifies that he tried to complete the compaction work on the lower level of the project but that the fill material had been too wet. (Rec. No. 22, Pennington Dep. at 14, 26).

Thus, there does not appear to be any real dispute as to whether the work required under the contract has been completed. Instead, the issues appear to be whether Kentucky West has substantially complied with the terms of the contract; if not, whether its failure to do so is reasonable given the undisputed period of rainy weather; and, if Kentucky West has substantially complied with its obligations, what damages White is nonetheless entitled to on account of the incomplete or defective work. *Shreve v. Biggerstaff*, 777 S.W.2d 616, 618 (Ky. App. 1989).

In this case, these are material issues of fact that preclude summary judgment of this matter. Accordingly, it is hereby ORDERED that both parties' Motions for Summary Judgment (Rec. Nos. 21 and 27) are DENIED.

This the 2nd day of August, 2005.

**Signed By:**
*Karen K. Caldwell*  KKC
**United States District Judge**