UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 04-392

MICHAEL WHITE,                                                                                           PLAINTIFF,

v.                                              **OPINION & ORDER**

KENTUCKY WEST VIRGINIA
GAS COMPANY, LLC,                                                                                      DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Alter, Amend or Vacate Opinion and Order (Rec. No. 56) filed by the Defendant Kentucky West Virginia Gas Company ("Kentucky West"). For the following reasons, the motion will be DENIED.

I.      **The Court's Opinion and Order.**

In this action, the Plaintiff Michael White asserts that Kentucky West breached an agreement to perform remedial work on certain land owned by White. After a bench trial, the Court issued an Opinion and Order awarding White damages of $115,000. With its current motion, Kentucky West asks the Court to alter, amend or vacate the opinion.

In its Opinion, the Court noted that there is virtually no dispute between the parties regarding whether Kentucky West has completed its obligation under the agreement between the parties. The Court determined that, based on the undisputed facts, Kentucky West had not met its obligation to "remove and stabilize the slip material." The Court further determined that, although Kentucky West had stated at trial and in pleadings before the Court that it would complete the work, Kentucky West had failed to complete the work within a reasonable amount of time.

As to damages, White had requested $350,000 and, in support of that amount, presented the estimates of two witnesses. The Court determined that these estimates were not actually based on the work Kentucky West was required to do under the agreement. Instead, the witnesses estimated the cost

of certain work White had requested. The evidence did not show to a "reasonable certainty" that the work White had requested was the same as the work Kentucky West was required to do under the agreement.

The Court further noted that the value of the property before the slip occurred was $110,000. The Court noted that both parties had agreed that, until the remedial work required under the agreement was complete, there was no substantial use for the land. The Court therefore found that the most accurate estimate of damages to White was the value of the land before the slip. Thus, the Court ordered Kentucky West to pay White damages of $115,000 which included the value of the land prior to the Agreement and an additional amount for the passage of time.

## II. Motion to Amend.

In its motion to amend that order, Kentucky West argues that Kentucky law requires that, where a defendant fails to perform his obligations under an agreement, the measure of damages is the reasonable cost of doing the work. Kentucky West argues that, because White presented no reliable evidence regarding the cost of doing the work, he should be awarded no damages. Kentucky West argues that, at most, White should be awarded $37,000 in damages. This is because, according to Kentucky West, the only reliable evidence in the record regarding the cost of completing the work is the testimony of Roland Gray, president of Eastern Kentucky Pipeline ("EKP") who, Kentucky West argues, testified that his company would complete the work for $37,000.

Kentucky West also argues that the Court could award damages representing the difference between the fair market value of the property before the slip and its current fair market value. However, Kentucky West argues, because White presented no evidence regarding the current fair market value of the land, the Court should award White no damages or, alternatively, must conduct a hearing to determine this value before awarding damages.

The Court declines to revise its ruling. To clarify, the Court did not find that White had failed to produce any evidence of his damages. Instead, the Court found that White had not proved to a reasonable certainty that the estimates he had obtained necessarily coincided with the work Kentucky West was required to do under the agreement.

Thus, in determining the reasonableness of White's estimates, the Court looked to the value of the land itself. The evidence showed to a reasonable certainty that the land's value prior to the slip was $110,000. The Court found it unreasonable to award White damages beyond that amount. Accordingly, in awarding damages, the Court considered White's $350,000 estimates but reduced the award to the value of the land.

As to the testimony of EKP President Roland Gray, EKP was Kentucky West's contractor on this job. Gray testified EKP had agreed to perform the work for Kentucky West for $77,000. Gray testified that EKP intended to complete the work on the land. Gray testified at various times that Kentucky West had paid him either $20,000 (transcript, p.68), $30,000 (transcript, pp.68, 72) or $40,000 (p.75) thus far. Even assuming that this proves to a reasonable certainty the amount that Kentucky West owes its contractor for the job, this is not evidence to any reasonable degree of certainty of what White would have to pay to complete the work on the project.

For all these reasons, the Court hereby ORDERS that the Motion to Alter, Amend or Vacate Opinion and Order (Rec. No. 56) is DENIED.

Dated this 29th day of March, 2007.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**